[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the Plaintiff applying for a reassessment of damages for the taking by the defendant of a portion of her property for highway purposes, the plaintiff claiming that the damages assessed are inadequate. The court had the benefit of appraisal reports and testimony from two experts appraisers, both of whom reached their conclusions as to values in large measure by resort to comparable sales.
The state has taken by condemnation 1.3 acres of a 2.215 acre parcel located in the Town of Manchester in a rural residential zone. It has assessed damages in the sum of $32,500.
The property is undeveloped and is divided by a brook which has produced an area of wetlands. Because of this, it is likely that the area would have provided only two building lots, both of which would have been in excess (of the minimum size. After the taking only one oversize lot of. 915 acre would be possible for residential use.
The premises in question were taken together with a temporary right to grade. They were also taking for use as a limited access highway from which highway, access is denied to and from the premises in question.
There is a dispute — and some uncertainty — as to the number of building lots that would have been possible in the "before" situation. This is a proper element to consider in assessing market value because all possibilities that would affect market value are relevant. Alemany vs. Commissioner of Transportation, 215 Conn. 437, 445.
Ultimately the referee's determination of the value of property depends upon his considered judgment, taking into CT Page 7248 consideration the divergent views expressed by the witnesses and the claims of the parties. New Haven Savings Bank vs. West Haven Sound Development, 190 Conn. 60, 69. He may reach his own conclusion as to value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value, and his own general knowledge of the elements affecting value, selecting the most appropriate method of valuation under the facts found by him. Wronoski vs. Redevelopment Agency, 180 Conn. 579, 596.
Based upon my viewing of the property, and considering all the evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff were $110,000.00.
Judgment may enter for the plaintiff for the further sum of $77,500 in addition to the $32,500, together with interest on said further sum of $77,500 at the rate of 10 percent from the date of taking (February 18, 1991) to the date of payment, together with costs and an allowance of $750 as an appraiser's fee.
John W. Alexander State Trial Referee